UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEGHAN MARKLE & PRINCE HARRY, FREDERICK BANKS, next friend thereto & Individually,<br><br>Petitioners<br><br>v.<br><br>PRESIDENT TRUMP ARTICLES OF IMPEACHMENT, et al.,<br><br>Respondents. | Case No. 2:20-cv-00680-ODW (GJS)<br><br>**ORDER DISMISSING PETITION** |

On January 22, 2020, a putative 28 U.S.C. § 2241 habeas petition was filed in this District [Dkt. 1, "Petition"]. The Petition was filed by Frederick Banks, a convicted criminal incarcerated in Allegheny County Jail in Pittsburgh, Pennsylvania. Banks purports to be acting as "next friend" on behalf of, and as the "self-appointed agent for" Meghan Markle and Prince Harry, as well as to seek individual relief on his own behalf. The only person who has signed the Petition is Banks, who mailed the Petition to the Court from Allegheny County Jail and who seeks leave to proceed on an in forma pauperis basis.

The Petition names as Respondents: "President Trump Articles of Impeachment"; the United States of America; the Daily Mirror; the Central

Intelligence agency ("CIA"); the U.S. House of Representatives; the U.S. Senate; "Warden"; U.S. Marshals; BuzzFeed.com; Beforeitsnews.com; and "Alimeta County Sheriffs."[1] Three alleged habeas claims are set forth in the Petition. As Ground One, Banks alleges that the CIA illegally placed Prince Harry and Meghan Markle, and possibly Banks, "under FISA remote satellite electronic surveillance" and caused all of the Respondents and the British press to "repeatedly cover Markle in violation of 50 USC 1801 et seq." Banks alleges that the CIA did this: to "control the British population"; and "influenced" Prince Harry and Meghan Markle to split from the Royal Family and move to Canada, because the CIA wished to create a "Canada Media Cycle" related to the death of the drummer from the rock band Rush and the downing of a flight in Iran containing "130 plus Iranian Canadians." By Ground Two, Banks seeks the dismissal of the articles of impeachment brought against President Trump, arguing that the articles are brought under the incorrect name of "United States of America" instead of "United States." Banks asserts that, because the articles do not name the correct real party in interest, the Senate lacks jurisdiction to consider them. As Ground Three, Banks merely alludes to "Microwave Hearing Technology" and directs the Court to "see" various resources. As relief, Banks asks the Court to: "Discharge petitioners from custody & FISA restraint"; order Respondents to disclose FISA warrants; and compel Respondents to dismiss the pending articles of impeachment.

    Banks is not a stranger to this District, nor to District and Circuit Courts across the United States. As the Court previously has noted (*see, e.g.,* Case No. 5:19-cv-00780-ODW (GJS), Dkt. 3; Case No. 2:19-cv-08514-ODW (GJS), Dkt. 3), Banks is a well-known bringer of frivolous lawsuits across the country. Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the federal court case dockets and filings available through the PACER and Westlaw systems

---

[1]     There is no County in the United States named "Alimeta." The Court assumes Petitioner means the Sheriffs Department in Alameda County, in Northern California.

relating to Banks, which show (without a precise count) many, many hundreds (if not well over 1,000) of federal court proceedings initiated by Banks over the past decade.

While Banks has a prior criminal history that the Court will not recount here, it is significant that, recently, Banks was tried by jury in the United States District Court for the Western District of Pennsylvania and was found guilty of multiple counts of wire fraud and one count of aggravated identity theft on November 8, 2019. Banks is awaiting sentencing, which is scheduled for Spring 2020, and remains in custody. *See* Docket in Case No. 2:15-cr-00168 (W.D. Pa.). Banks also is "a notorious frequent filer" in the federal court system, who has had hundreds of cases dismissed at the pleading stage as frivolous. *Banks v. Song*, No. 1:17-cv-00339 (D. Haw. July 25, 2017) (Order Dismissing Action and Denying In Forma Pauperis Application); *see also Banks v. Cuevas*, No. 4:17CV2460, 2018 WL 1942192, at *1 (N.D. Ohio April 25, 2018) (describing Banks as a "frequent filer of frivolous actions in federal and state courts"); *Banks v. Song*, No. 17-00093, 2018 WL 3130940, at *1-*2 (D. Guam Jun. 26, 2018) (finding lawsuit filed by Banks related to his Western District of Pennsylvania prosecution that essentially was the same suit that he had filed in a number of other Districts in the United States to be "malicious" and improperly filed in the District of Guam); *Banks v. New York Police Dept.*, No. 4:15-CV-75-RLW, 2015 WL 1414828, at *2-*3 (E.D. Mo. Mar. 26, 2015) (dismissing as legally frivolous and malicious mandamus action brought by Banks seeking relief based upon, *inter alia*, the deaths of Eric Garner and Michael Brown).

When federal courts began dismissing Banks's civil cases under 28 U.S.C. § 1915(g) due to his numerous "strikes," he began filing 28 U.S.C. § 2241 or other types of petitions in an attempt to avoid the Section 1915(g) limitation on his ability to file actions without prepayment of the filing fee. *See Banks v. Valaluka*, No. 1:15-cv-01935 (N.D. Ohio Nov. 18, 2015) (Order denying leave to proceed *in forma*

*pauperis* and dismissing purported mandamus action).) As one District Court described him:

> Banks is a well-established, multi-district, frequent filer, who has brought over 350 cases in the Northern District of Ohio, the District of Massachusetts, the Southern District of Mississippi, the District of Columbia, the Southern District of New York, the Western District of New York, the District of Colorado, the District of Arizona, the Southern District of Florida, the Middle District of Florida, the Eastern District of North Carolina, the Middle and Western Districts of Pennsylvania, the Eastern District of Missouri, the Eastern District of New Jersey, the Eastern District of Arkansas, the Western District of Oklahoma, the District of Utah, and the District of Alaska. All of these cases were dismissed as frivolous. He has been declared to be subject to three strike provision of 28 U.S.C. § 1915(g) on numerous occasions. Undeterred, Banks utilizes § 2241 to circumvent the application of § 1915(g).

*Banks v. Greene*, No. 4:18-cv-0884, 2018 WL 4615938, at *1 n.1 (N.D. Ohio, Sept. 25, 2018).[2]

In addition to numerous courts having found Banks's case-initiating filings to be frivolous, Banks has been designated as a vexatious litigant. *See, e.g., Banks v. Pope Francis*, No. 2:15-cv-01400 (W.D. Pa. Dec. 8, 2015) (Order designating Petitioner as a vexatious litigant). That vexatious litigant designation has been ordered extended to cover filings made by Banks on behalf of any other persons, whether as a purported "next friend" or otherwise, unless and until he has complied with the requirements of the original vexatious litigant designation order. *See United States v. Miller*, 726 Fed. App'x 107 (June 7, 2018) (affirming district court order so extending scope of vexatious litigant order entered against Banks).

---

[2] Banks also has filed a number of actions in this District that have been summarily dismissed as frivolous. *See* Case Nos.: 2:15-cv-04225-ODW (GJSx); 2:16-cv-05544-JAK (KSx); 2:16-cv-07398-R (JPSx); 2:16-cv-07954-ODW (GJS); 2:17-cv-05412-GW (JPRx); 5:18-cv-00526-ODW (GJS); 5:19-cv-00780-ODW (GJS); 2:19-cv-06748-JAK (JC); 2:19-cv-07428-ODW (GJS); 2:19-cv-08514-ODW (GJS); and 2:19-cv-10468-ODW (GJS).

As even the most cursory review of his cases available through the PACER system shows, Banks has a history of filing delusional and meritless actions on his own behalf or on behalf of others with whom he has no connection, often (as here) alleging electronic surveillance by the CIA or others. *See, e.g., Banks v. Crooked Hilary*, No. 2:16-cv-07954 (C.D. Cal. Oct. 26, 2016) (Order denying leave to proceed *in forma pauperis* and discussing some of the prior decisions finding Petitioner's actions to be frivolous and delusional); *Schlemmer v. Central Intelligence Agency*, No. 2:15-cv-01583 (W.D. Pa. Dec. 15, 2015) (Order dismissing with prejudice a 28 U.S.C. § 2241 habeas petition filed by Petitioner as purported "next friend" on behalf of a criminal defendant with whom he had no relationship); *Valaluka, supra* (Order at 2: "Banks has not limited his frivolous filings to cases he files in his own name, but has expanded his efforts by filing cases and motions on behalf of other prisoners, often without their knowledge or consent."). The instant Petition is yet one more in his ongoing series of vexatious and improper litigation.

The claims alleged in the Petition are plainly meritless and frivolous but particularly so to the extent that they purport to be raised under the guise of a habeas action.[3] No cognizable and viable theory of *habeas* relief has been stated as to anyone, much less as to Meghan Markle and Prince, on whose behalf this habeas petition purportedly is brought, neither of whom is in custody in the United States. There is no habeas relief that any federal court could provide anyone based on the allegations of the Petition. In addition, Banks has not stated any basis whatsoever for federal habeas relief on his own individual behalf, and in any event, this District would be the wrong venue for any such action, given that Banks is not incarcerated here and was not convicted here. If Banks wishes to challenge his present criminal custody, there are established avenues for him to do so, but none of them include bringing repeated and frivolous 28 U.S.C. § 2241 actions in other Districts and on

---

[3] The claims also are factually and legally frivolous within the meaning of *Denton v. Hernandez*, 504 U.S. 25, 32-22 (1989), and *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

behalf of persons who have no connection to him. The matters alleged in the Petition simply do not involve situations in which 28 U.S.C. § 2241 federal habeas jurisdiction properly can be invoked.

An equally critical, and obvious, defect in the Petition is that Banks has no right or standing to seek habeas or any other type of relief as a representative acting on behalf of Prince Harry and Meghan Markle. There is no evidence before the Court that either person possibly would wish to have Banks – a pro se vexatious litigant and convicted criminal awaiting sentencing, with a documented longstanding history of filing utterly frivolous and delusional actions – act as his or her legal representative in seeking any relief in federal courts. Indeed, no rational or sane reason exists to believe that this is the case.

Apart from the factually frivolous nature of Banks's assertion that he is entitled to act on behalf of Prince Harry and Meghan Markle, his attempt to do so is legally frivolous. Generally, non-lawyers may not represent other persons in court. *See, e.g., Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"); *Collinsgru v. Palmyra Bd. Of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998). 28 U.S.C. § 1654 permits persons to appear on a pro se basis <u>only</u> in their "own cases personally." *See Shephard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (Section 1654 "does not permit plaintiffs to appear *pro se* where interests other than their own are at stake"). Local Rule 83-2.10.2 expressly prohibits a pro se litigant from delegating his representation to any other person. Because Banks is not a lawyer authorized to practice in this Court, he may not pursue relief on behalf of anyone else. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (a layperson acting in pro per may not appear or seek relief on behalf of others). Banks has been told this time and time again yet persists in bringing purported, and plainly

improper, habeas actions on behalf of others, further proving his inappropriateness to act as a representative of anyone else.

Banks alleges that he is acting as the self-appointed "agent" and "next friend" of Prince Harry and Meghan Markle.  Next friend status "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).  There are two "'firmly rooted prerequisites'" that must be met before a next friend can be appointed:  (1) the putative next friend must provide an adequate explanation, such as mental incompetence or other disability, regarding why the real party in interest cannot appear on his own behalf; and (2) the putative next friend must be "'truly dedicated to the best interests of the person on whose behalf he seeks to litigate,'" which requires the existence of a "'significant relationship'" between the two persons. *Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 888 (9th Cir. 2004) (citation omitted). The burden of establishing these two requirements is on the putative next friend. *Whitmore*, 495 U.S. at 164.  Because the standing of a next friend is a jurisdictional issue, the Court lacks jurisdiction if these requirements are not satisfied.  *Id.*; *see also Dennis*, 378 F.3d at 888 n.5.

The Petition fails entirely to satisfy these requirements.  Banks's assertion that he is entitled to act as the "next friend" for Prince Harry and Meghan Markle on the alleged ground that they "are mentally incapacitated because of CIA FISA electronic surveillance" is not only offensive but patently ludicrous and baseless.[4] The second *Whitmore* requirement also plainly is not, and cannot be, satisfied. There is no declaration or other evidence before the Court indicating that Banks has a "significant relationship" with Prince Harry and Meghan Markle, much less that Banks is truly dedicated to their interests.  Indeed, the Court believes there is no

---

[4] Banks's willingness to defame others in his quest to gain a toehold in the federal court system no matter how frivolous his attempt and his related refusal to abide by the dictates of Fed. R. Civ. P. 11 are yet further reasons why he is not competent to act on behalf of anyone else.

7

possibility that this could be so. As Banks is not a lawyer and has a long history of filing baseless and nonsensical lawsuits, there is no basis for finding that he will be able to provide these two persons – or indeed anybody – with adequate representation in a habeas proceeding or any other type of proceeding, and his litigation history indicates precisely the opposite, namely, summary dismissal after summary dismissal of the actions he brings. Moreover, Banks is incarcerated in a Pennsylvania jail and is awaiting sentencing on his federal criminal conviction, and he lacks the physical and financial means to pursue this action on anyone's behalf. Significantly, with the Petition, Banks has filed an application to proceed *in forma pauperis* in which he states that he has only $21, which he needs to spend on food.

"[I]ndividuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978). Banks, an unlicensed, lay incarcerated person, may not represent anyone else in this Court or elsewhere, nor may he sign pleadings or receive court documents on behalf of anyone else. There is no basis for finding that Banks may bring and pursue this habeas action on behalf of any other person, whether as their "next friend" or otherwise. Plainly, he lacks standing to do so. As a result, jurisdiction is lacking and the Petition must be dismissed.

Accordingly, IT IS ORDERED that: the Petition is dismissed; and Judgment shall be entered dismissing this action.

DATED: _January 29, 2020            _____
                                     OTIS D. WRIGHT II
                                     UNITED STATES DISTRICT JUDGE

Submitted by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE